NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000433
17-APR-2019
08:33 AM

NO. CAAP-18-0000433

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


STATE OF HAWAIʻI, Plaintiff-Appellee, v.
KORY CRISP and KAHEALANI FONG, Defendants-Appellees, and
UNITED BAIL BONDS, LLC, Real Party in Interest/Appellant


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 1CPC-17-0000331)


SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Reifurth and Chan, JJ.)

In a criminal case involving a civil bail forfeiture proceeding within a criminal case, Real Party in Interest/ Appellant United Bail Bonds, LLC (UBB) appeals from the April 26, 2018 post-judgment Order Denying United Bail Bonds, LLC's Motion to Set aside Bail Forfeiture Judgment, Reinstate and Discharge Bond and/or Motion to Continue Search Period Under HRS 804-51 for Defendant for Thirty Days From Date of Hearing (Order) entered by the Circuit Court of the First Circuit (Circuit Court).[1]

---

[1] The Honorable Shirley M. Kawamura presided.

On appeal, UBB challenges[2] the denial of its March 6, 2018 "Motion to Set Aside Bail Forfeiture Judgment, Reinstate and Discharge Bond and/or Motion to Continue Search Period Under HRS [§] 804-51 for Defendant For Thirty Days From Date of Hearing" (Motion to Set Aside).

After a careful review of the issue raised and arguments made by the parties, the record, and the applicable legal authority, we resolve UBB's appeal as follows and affirm.

It is undisputed that UBB provided a bail bond to Defendant Kahealani Fong (Fong) in the underlying criminal case, 1CPC-17-0000331, Fong did not appear for a January 18, 2018 trial call, and the Circuit Court issued a bench warrant. On the same day as the non-appearance, the Circuit Court entered the Judgment and Order of Forfeiture of Bail Bond (Forfeiture Judgment), which was received by UBB on January 23, 2018.[3] The Motion to Set Aside was filed on March 6, 2018. UBB acknowledged in its Motion to Set Aside that it was due February 26, 2018. On March 7, 2018, UBB filed a "Supplemental Declaration of Counsel in Support of [Motion to Set Aside]," in which counsel stated that he had uploaded the Motion to Set Aside on March 6, 2018 "because he thought that he had uploaded the Motion earlier after having it calendered [sic] with the Court by email correspondence on February 22, 2018, four days before the Motion was due[.]"

---

[2]    UBB's point of error fails to comply with Hawai'i Rules of Appellate Procedure (HRAP) Rule 28(b)(4) in that it fails to provide record references to where the alleged error was objected to or the manner in which the alleged error was brought to the attention of the court.

Further, in violation of HRAP Rule 28(b)(3), no record citation have been provided for any factual statement and no copy of the challenged order has been appended to the opening brief.

Counsel is warned that future noncompliance with the rules may result in sanctions, including disregard of the points on appeal, dismissal of the appeal, or monetary sanctions.

[3]    The record reflects that service of the Forfeiture Judgment was made by certified mail to Universal Fire and Casualty Insurance at a Michigan address on January 23, 2018.

At the hearing on the Motion to Set Aside, counsel represented that he "tendered this motion by email to chambers on February 21st, roughly four to five days before this motion was actually due. So in terms of getting the hearing date set, I got that done. But it's my - it's inadvertent. I had thought that I had uploaded this motion; it did not go through." Counsel also represented that Fong was in custody in New Mexico, but that the State was not willing to extradite her. The Circuit Court denied the Motion to Set Aside, ruling that it lacked jurisdiction over the matter and that Fong was not in custody within the State.

The procedure for forfeiture of bail bonds is set out in HRS § 804-51 (2014) which provides in relevant part:

> Whenever the court, in any criminal cause, forfeits any bond or recognizance given in a criminal cause, the court shall immediately enter up judgment in favor of the State and against the principal or principals and surety or sureties on the bond, jointly and severally, for the full amount of the penalty thereof, and shall cause execution to issue thereon immediately after the expiration of thirty days from the date that notice is given via personal service or certified mail, return receipt requested, to the surety or sureties on the bond, of the entry of the judgment in favor of the State, unless before the expiration of thirty days from the date that notice is given to the surety or sureties on the bond of the entry of the judgment in favor of the State, a motion or application of the principal or principals, surety or sureties, or any of them, showing good cause why execution should not issue upon the judgment, is filed with the court. If the motion or application, after a hearing held thereon, is sustained, the court shall vacate the judgment of forfeiture and, if the principal surrenders or is surrendered pursuant to section 804-14 or section 804-41, return the bond or recognizance to the principal or surety, whoever shall have given it, less the amount of any cost, as established at the hearing, incurred by the State as a result of the nonappearance of the principal or other event on the basis of which the court forfeited the bond or recognizance. If the motion or application, after a hearing held thereon, is overruled, execution shall forthwith issue and shall not be stayed unless the order overruling the motion or application is appealed from as in the case of a final judgment.

(Emphasis added.) As the Supreme Court of Hawai'i has "reiterate[d], once a bond is forfeited pursuant to HRS § 805-51, a surety has thirty days from the time it receives notice of forfeiture to set aside the forfeiture judgment[.]" State v. Vaimili, 131 Hawai'i 9, 15, 313 P.3d 698, 704 (2013). "HRS

3

§ 804-51 permits the filing of neither of a <u>second</u> motion . . . nor <u>any</u> motion after the closing of the thirty-day window." <u>State v. Ranger Ins. Co.</u>, 83 Hawai'i 118, 124 n.5, 925 P.2d 288, 294 n.5 (1996) ("Without addressing its merits, the motion to vacate [forfeiture judgment] did 'not provide a legal basis for the relief requested,' as the circuit court ruled, because it was not filed within the time limit imposed by HRS § 804-51, and the circuit court was therefore without power to consider it.")

Here, UBB did not file its Motion to Set Aside within thirty days of receiving the Forfeiture Judgment. Although it claims it "tendered" the motion by sending a copy by email to the court within the thirty-day period, the record does not contain a copy of the email or its attachment. More importantly, such a tendering does not satisfy the mandate of HRS § 804-51 that the motion be *filed* within the thirty-day window.

Under the Hawai'i Electronic Filing and Service Rules (HEFSR), every attorney representing a party must (1) register as a Judiciary Electronic Filing System (JEFS) user, HEFSR Rule 4.1(a), and (2) electronically file each document as an Adobe Portable Document Format (PDF) document through JEFS, HEFSR Rules 1.13, and 2.2. "Electronic filing "means (1) the submission of documents by authorized JEFS Users for docketing and storage in [Judiciary Information Management System (JIMS)] and (2) the conversion and/or transmission of documents by JIMS Users directly into JIMS." HEFSR Rules 1.4 and 1.9. "The electronic filing of a document is deemed complete for all purposes under any of the Hawai'i Rules of Court when a Notice of Electronic Filing is generated," HEFSR Rule 3.1, and, except when filing paper documents, "a document filed through JEFS or JIMS for docketing and storage in JIMS is deemed filed at the date and time stated on the Notice of Electronic Filing. The time stamp on the Notice of Electronic Filing is the time the document was electronically received by the court, not the time the document was transmitted by the JEFS User." HEFSR Rule 3.3. By contrast, the HEFSR provide that, if one is a conventional filer, i.e.,

4

files paper documents, HEFSR Rule 1.1, the receipt date and time reflected on the conventionally filed document shall be deemed the filing date. HEFSR Rule 2.5. Thus, even if UBB sent a copy of its unfiled motion to the court by email, as counsel was required to electronically file documents on behalf of UBB and could not conventionally file the Motion to Set Aside, the March 6, 2018 electronic filing date and not the email date governs.

Consequently, the Circuit Court was correct when it ruled it had no jurisdiction to consider UBB's Motion to Set Aside. Ranger Ins. Co., 83 Hawai'i at 124 n.5, 925 P.2d at 294 n.5.

For the foregoing reasons, the April 26, 2018 Order Denying United Bail Bonds, LLC's Motion to Set aside Bail Forfeiture Judgment, Reinstate and Discharge Bond and/or Motion to Continue Search Period Under HRS 804-51 for Defendant for Thirty Days From Date of Hearing, entered by the Circuit Court of the First Circuit, is affirmed.

DATED: Honolulu, Hawai'i, April 17, 2019.

On the briefs:

Christopher Chui,
for Real Party in
Interest/Appellant.

Loren J. Thomas,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Presiding Judge

Laurence M Reille
Associate Judge

Associate Judge